UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Julio Cesar Valle Vizcarra,<br>Petitioner<br>v.<br>John Mattos, et al.,<br>Respondents | Case No. 2:25-cv-02477-CDS-BNW<br>**Order Granting the First Amended Petition and Motion to Seal, Denying the Motion to Dismiss, and Denying as Moot the Motion to Strike**<br>[ECF Nos. 28, 29, 38, 44] |

Petitioner Julio Cesar Valle Vizcarra is a citizen of Mexico who has resided in United States as a legal permanent resident for the past 41 years. Pet., ECF No. 28. In 2010, he was arrested for possessing explosives. ECF No. 28-2. In 2011, he was arrested for selling marijuana. *Id.* at 1. In 2022, he was convicted and sentenced to three years of imprisonment in California for possessing and trafficking drugs. ECF No. 28 at 5. Toward the end of this sentence, ICE detained Valle Vizcarra and moved him to the Nevada Southern Detention Center. *Id.* at 2. On February 28, 2025, he was served a notice to appear before an immigration judge (IJ). *Id.* at 5. The IJ later issued an order indicating that Valle Vizcarra was subject to mandatory detention under 8 U.S.C. § 1226(c), so he continued to be detained. *Id.* On July 2, 2025, the IJ ordered Valle Vizcarra removed to Mexico. *See id.* Valle Vizcarra appealed that order to the Board of Immigration Appeals (BIA), and the BIA remanded back to the IJ. *Id.*

On January 26, 2026, the IJ held a bond hearing, found Valle Vizcarra to be a danger to the community, and denied him bond. ECF Nos. 28-1, 28-2. Valle Vizcarra appealed that decision to the BIA; the appeal remains pending. ECF No. 28 at 2. Now, Valle Vizcarra asks this court to order his release or, alternatively, order that he receive a bond hearing. *Id.* The

respondents ask this court to dismiss Valle Vizcarra's amended petition. Mot. dismiss, ECF No. 38. I deny the respondents' motion and grant Valle Vizcarra's amended petition.[1]

## I. Discussion

As a threshold matter, I find that I have jurisdiction over this action because the petitioner is challenging the constitutionality of his immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (explaining a district court may review immigration-related detentions to determine if they comport with the requirements of the Constitution). And for the reasons set forth below, I grant the amended petition and the motion to seal.

### A. The petition for writ of habeas corpus is granted.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to due process's requirements. *See id.* at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."). And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979).

Generally, when an order for removal of a noncitizen becomes administratively final, the Attorney General must remove the noncitizen "within a period of 90 days." 8 U.S.C. § 1231(a)(1). But when removal is based on the noncitizen's aggravated felony, the 90-day period may be extended if the noncitizen is "a risk to the community or unlikely to comply with the order of removal." *Id.* § 1231(a)(6). However, the period of detention must still be reasonable; permanent or indefinite detention is barred. *See Zadvydas*, 533 U.S. at 699. Noncitizens who are not removed

---

[1] Petitioner also filed a motion to strike the federal respondents' unauthorized surreply (ECF No. 43). *See* Mot., ECF No. 44. Indeed, the surreply is unauthorized because it was filed without leave of court. *See* LR 7-2(b) ("Surreplies are not permitted without leave of court."). But because I am granting the relief set forth herein, the petitioner's motion to strike is denied as moot.

within the removal period are subject to supervision under regulations prescribed by the Attorney General. 8 U.S.C. § 1231(a)(3); *see also id.* at § 1231(a)(6).

A presumptively reasonable detainment period is six months or less. *Id.* at 682. Thereafter, should the noncitizen set forth "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Even so, the detainment period may surpass six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

The respondents argue that Valle Vizcarra's petition for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction because he has a pending BIA appeal for his bond hearing where his denial relies on a finding that he is a danger to the community. ECF No. 38. As such, the respondents contend that Valle Vizcarra has failed to exhaust his administrative remedies and his petition is not ripe and should be dismissed or stayed pending BIA resolution. *Id.* The respondents also aver that Valle Vizcarra has no claim to release due to being subject to mandatory detention under 8 U.S.C. § 1226. *Id.*

In reply, Valle Vizcarra argues that in habeas claims, exhaustion of administrative remedies is prudential rather than jurisdictional. *See* ECF No. 42 at 2. He also argues that the court may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* (quoting *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)).

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Administrative exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture,

irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004); *see also Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("We will excuse a failure to exhaust if it is very likely what [the BIA's] result would have been. Thus, where the agency's position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required.").[2]

In *Arango Marquez v. INS*, the Ninth Circuit found waiver to be appropriate where the petitioner was challenging the indefinite length of his immigration detention pending removal rather than his removability itself. 346 F.3d 892 (9th Cir. 2003). It reasoned that the petitioner's claim was reviewable because it was distinct from the removal issue on which the BIA had issued a decision.

Such is the case here. Valle Vizcarra's appeal with the BIA concerns the immigration judge's order denying him bond following the January 26, 2026 bond hearing. *See* ECF No. 42 at 5. The appeal does not concern the constitutionality of Valle Vizcarra's indefinite detention. Further, a 28 U.S.C. § 2241 petition is the proper avenue through which an immigration detainee may challenge his or her indefinite detention. *See Arango Marquez*, 346 F.3d 892. Therefore, administrative exhaustion does not bar Valle Vizcarra's challenge to his indefinite detention.

Valle Vizcarra has been detained for over eighteen months. This far exceeds the six-month period of presumptive reasonableness. The burden is therefore on the government to rebut Valle Vizcarra's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Upon review of the record, I find that the government has failed to

---

[2] I reject the respondents' arguments that administrative exhaustion is mandatory here. As explained in *Castro-Cortez v. INS*,

> District courts are authorized by 28 U.S.C. § 2241 to consider petitions for habeas corpus. That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241. The exhaustion requirement in § 2241 cases is subject to waiver because it is not a "jurisdictional" prerequisite. Our conclusion that it is not "jurisdictional" is based on the fact that exhaustion is not required by statute.

239 F.3d 1037, 1047 (9th Cir.2001) (citation modified).

meet this burden. Indeed, they have offered no evidence showing that Valle Vizcarra will be removed soon. As such, per *Zadvydas*, Valle Vizcarra is ordered to be released.[3]

**B. The motion to seal is granted.**

When ruling on a motion to seal, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The moving party bears the burden of overcoming the presumption under one of two standards: the "compelling reasons" standard or the "good cause standard." *Id.* at 1096–97. The compelling reason standard applies to materials attached to a dispositive motion, while the good cause standard applies to materials attached to a discovery motion unrelated to the case's merits. *Id.*

Under the compelling reason standard, the court may only seal records if it identifies a "compelling reason" and articulates a "factual basis"—not "hypothesis or conjecture"—in its ruling. *Id.* at 1096–97 (quoting *Kamakana*, 447 F.3d at 1179). Once the moving party meets this burden, the court then balances the "the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (quoting *Kamakana*, 447 F.3d at 1179).

Under the "good cause" standard, the moving party must make a particularized showing of good cause as to why the records should be sealed. *Id.* This standard is analogous to Rule 26(c)'s good cause standard governing protective orders issued during discovery. *Id.* at 1097–98; Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").

Here, the compelling reason standard applies because the motion to seal is attached to the petition for writ of habeas corpus. Valle Vizcarra seeks to seal exhibits 5–9 in support of his

---

[3] Though the respondents correctly contend that Valle Vizcarra was ordered removed under § 1226(c), making his detention mandatory, this does not make Valle Vizcarra's indefinite detention lawful. Indeed, the Supreme Court disposed of this issue in *Zadvydas*, 533 U.S. 678. Due process requires the length of the detention to be reasonable, even when the noncitizen has a criminal history. *See id.* at 699 (holding that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute").

first amended petition. *See* ECF No. 29. He argues that a seal is appropriate because the exhibits contain sensitive and personal medical information. *Id.* I find that this is a compelling reason to seal the exhibits. *See Kamakana*, 447 F.3d at 1187. I further find that this reason is supported by a factual basis rather than hypothesis or conjecture. *See* ECF No. 29-1. Accordingly, the motion to seal is granted.

## II. Conclusion

IT IS THEREFORE ORDERED that Valle Vizcarra's petition for writ of habeas corpus **[ECF No. 28] is GRANTED.**

IT IS FURTHER ORDERED that Valle Vizcarra's motion to seal **[ECF No. 29] is GRANTED**. The Clerk of Court is kindly directed to maintain the seal on ECF No. 29.

IT IS FURTHER ORDERED that the federal respondents' motion to dismiss **[ECF No. 38] is DENIED.**

IT IS FURTHER ORDERED that the petitioner's motion to strike **[ECF No. 44] is DENIED as moot.**

IT IS FURTHER ORDERED that the respondents are ordered to release Valle Vizcarra by 6:00 p.m. on August 26, 2026.

Valle Vizcarra is to be released from custody and given a notice to appear before an immigration judge so he can be placed on an order of supervision consistent with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(3).

IT IS FURTHER ORDERED that the parties must file a joint status report no later than August 31, 2026, advising the status of compliance with this order, including when Valle Vizcarra was released and the conditions of his order of supervision. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

Dated: August 25, 2026

_____________________________
Cristina D. Silva
United States District Judge